Hall *et al.* agt. United States Reflector Company.

.the trial involved the examination of a long account. The order being discretionary we cannot review it.

The decisions of one tribunal resting in discretion, are not reviewable by another (*Ward* agt. *Wiles*, 24 *N. Y.*, 635; *Tunner* agt. *Marsh*, 53 *Barb.*, 438). That rule does not apply to a review by the general term of this court, of the decision of the special term, they being parts of the same court. But the county court being an independent tribunal, this court cannot interfere with the exercise of its discretionary powers.

The learned counsel for the appellant cites cases in which a reference of an attorney's account has been refused. No case has gone so far as to deny the power to refer in such a case; they all rest upon circumstances of discretion (*Martin* agt. *The Windsor Hotel Company*, 10 *Hun*, 304), or upon the ground that the action did not involve a long account (*Felt* agt. *Tiffany*, 11 *id.*, 62).

The appeal should be dismissed, with ten dollars costs and disbursements.

HARDIN and BARKER, JJ., concurred.

So ordered.

---

## SUPREME COURT.

BOLTON HALL *et al.* agt. THE UNITED STATE REFLECTOR COMPANY.

*Attachment —Sheriff's fees—On vacation of an attachment sheriff not required to deliver attached property till his fees are paid—When order directing plaintiffs to pay sheriff's fees on vacation of an attachment will not be enforced by precept for contempt—Power of court to determine who shall pay sheriff's charges—Code of Civil Procedure, sections 14, 15, 709, 1241–3256.*

Where an attachment is vacated, the sheriff will not be required to deliver the attached property to the defendant until his costs, charges and expenses are paid.

Where, in an order vacating an attachment, the plaintiff is directed to

pay the sheriff's fees, such payment will not be enforced by precept against the person as for contempt.

Whether the court can, upon motion, determine which of the parties shall pay the sheriff's charges, *quære*.

*New York Chambers, October*, 1883.

PLAINTIFFS, upon commencing this action, obtained a warrant of attachment, under which the sheriff of New York county attached a large stock of gas fixtures, machinery, &c. After long litigation, the attachment was vacated, the same order taxing the sheriff's fees and directing that the same be paid by plaintiffs. The sheriff's fees not being paid by either party, the sheriff refused to deliver the attached property to the defendant or its assignee. Defendant moved for an order requiring the sheriff to deliver the attached property without payment of his charges, and also for a precept against the persons of the plaintiffs to punish them as for contempt in failing to pay the sheriff's charges, as directed by the order.

Subsequent to the vacation of the attachment, defendant's assignee commenced an action against the sheriff as for a conversion in refusing to deliver the attached property, and the sheriff commenced an action against plaintiffs, defendant and the assignee, to procure a judgment of sale of the property in satisfaction of his charges.

*Edward P. Wilder*, for defendant and motion.

*Chamberlain, Carter & Hornblower*, for plaintiffs.

*Charles F. McLean*, for sheriff.

POTTER, *J.* — There are two motions made by the defendant in this action; one to punish plaintiffs for contempt by arrest and imprisonment, under an attachment, for failure to pay the fees and charges of the sheriff, as fixed and allowed by the order of this court, June 1, 1883, upon an attachment issued in this action; and the other to direct the sheriff to

Hall *et al.* agt. United States Reflector Company.

surrender and deliver the property of the defendant taken by the sheriff under said attachment.

I have come to the conclusion that both motions should be denied. The law gives the sheriff certain specified fees for serving an attachment, and also provides that the judge issuing the attachment shall allow the sheriff additional compensation for his services and trouble in taking possession of and preserving the property. The fees and charges are to be included in the judgment in favor of the party to whom costs in the action are awarded (*Code of Civil Pro.*, *sec.* 3256), and collected as part of the costs in the action. If the attachment remains in force throughout the action, the sheriff will sell the property, either under the attachment or execution, and retain his fees and charges out of the proceeds of the sale.

If the warrant of attachment is vacated or annulled, or discharged, the sheriff is required to deliver the property to the defendant or the person entitled thereto, upon reasonable demand and upon payment of all costs and charges and expenses legally chargeable by the sheriff (*Code of Civil Pro.*, *sec.* 709). The fees and charges thus paid by the defendant will be included in a judgment for costs in the action, if he be awarded costs of the action, and be collected of the plaintiffs upon the execution against the plaintiffs, or by an action upon the undertaking given by plaintiffs upon issuing the attachment; and likewise out of the undertaking if the defendant pays the sheriff's fees, under section 709, in case the defendant is not awarded costs of the action.

It seems to me that this is the scheme provided by the Code for the payment of the sheriff's fees and charges upon an attachment, and for the reimbursement of the party paying them. This scheme protects the sheriff in any event of the action, or of the warrant of attachment, and is the only one that will suffice for that purpose; and is an amendment and improvement of the former statutes for that reason. But if this view is not correct, I should not be disposed to grant

an order directing the sheriff to deliver the property attached to the defendant or his vendee, for the reason that an action has been commenced by him and is still pending, to recover the value of this property of the sheriff, as for a conversion of it by the latter, in refusing to deliver it until his fees and charges were paid.

The defendant or his vendee has elected that mode of testing the right of the sheriff to retain the property until his fees and charges are paid, and I think it was the best and wisest way of determining that question and am not disposed to interfere with the mode selected by him. This motion should therefore be denied, with costs.

In regard to the motion to punish the plaintiffs for contempt in not paying the costs ordered to be paid by plaintiffs to the defendant under the order of June 1, 1883, I think there is too much doubt in relation to the law to warrant or justify me in signing an order to arrest and imprison the plaintiffs. It is a harsh and severe remedy and should not be resorted to or applied, except in a clear case. Sections 14 and 15, subdivisions 3 and 1241 of the Code of Civil Procedure, upon the subject of contempts and arrests for the non-payment of money, leave the question of the right to issue a precept against the body in this case too uncertain to warrant or justify such process.

But there is another source of doubt in this case. I am not satisfied that the court had the power to make the order for non-compliance with which the party is sought to be put in contempt. It was competent for the judge issuing the attachment to fix and allow the fees and charges of the sheriff upon the attachment, under section 3307. I am not satisfied that the court has the power to fix those fees and charges, or that the court has the power to determine who shall pay those fees and charges, upon motion or by an order or otherwise than as prescribed by the scheme of the Code as above outlined.

But another and sufficient reason for denying this motion

is to be found in the fact that the sheriff has commenced an action, which is now pending, against the plaintiffs and defendant, and the defendant's vendee, to determine the questions involved in both motions as to the liability of the parties or either of them to pay his fees and charges, and in what proportion and to what extent, and whether he has a right to retain the attached property until such fees and charges are paid. These questions can be much more satisfactorily determined by an action than by these motions. In an action, all parties can be heard and all questions presented at the same time, and one judgment rendered, embracing all the questions in dispute between the various parties. I therefore deny the motion to punish for contempt, but without costs, as the action of the defendant was based upon an order of the court.