## SUPREME COURT.

### PETER BOWE agt. THE UNITED STATES REFLECTOR COMPANY *et al.*

*Sheriff's lien for costs in attachment suits — How enforced — Code of Civil Procedure, section* 709.

A sheriff has a lien for his costs, charges and expenses upon property remaining in his hands after vacation of the attachment under which he seized the same, and he may sustain an action to enforce the same by a sale of the property (*Hall agt. U. S. Reflector Co., ante,* 31, *approved*).

*Special Term, October,* 1883.

IN May, 1881, Hall, Nicoll & Granberry commenced an action in the supreme court against the United States Reflector Company, at the same time obtaining an attachment under which the plaintiff, then sheriff of the city and county of New York, attached a large stock of gas fixtures, machinery, &c. In May, 1883, the attachment was vacated and the sheriff's fees taxed thereon. The sheriff refused to deliver the property to the defendant or its assignee until his charges were paid; and, neither party paying them, he brought suit against both parties to the original action and the defendant's assignee, alleging a lien upon the property for his costs, charges and expenses, and praying a sale in satisfaction thereof, and judgment for any deficiency.

The reflector company demurred to the complaint upon the grounds that the complaint did not state facts sufficient

to constitute a cause of action, that there was a misjoinder of parties and a misjoinder of causes of action.

Defendant Corbit, the reflector company's assignee, also demurred upon the first ground.

*Malcolm Graham*, for plaintiff.

*Edward P. Wilder*, for defendant United States Reflector Company.

*William Arrowsmith*, for defendant Corbit.

VAN VORST, *J.* — There must be judgment for the plaintiff on the demurrer. Section 709 of the Code of Civil Procedure recognizes the sheriff's right to his costs and fees, notwithstanding the attachment has been set aside; and until paid, he is not obliged to deliver the property to the defendant. This amounts to a lien in his favor upon the goods attached for the amount of his fees. The action is therefore proper to enforce his lien by a sale of property, for otherwise the expense of detaining it, together with his fees, would exceed the value of the property.

Justice POTTER has had the subject lately under consideration in a controversy between these parties, and by his opinion, a copy of which has been handed up, he expresses the views substantially above mentioned.

There must be judgment for the plaintiff on the demurrer, with liberty to defendants to answer on payment of costs.