[No. 11372. Department One. — May 1, 1888.]

THOMAS ROBINETT, APPELLANT, *v.* PATRICK
CONNOLLY, RESPONDENT.

ATTACHMENT — PAYMENT OF SHERIFF'S FEES — RELEASE. — An attachment
debtor, upon affecting a settlement with his creditor, cannot require the
sheriff to release the property attached, except upon payment of his fees.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order re-
fusing a new trial.

The action was brought to recover the possession of
certain property which had been taken possession of by
the defendant, as sheriff of the city and county of San
Francisco, under a writ of attachment, issued in a cer-
tain action entitled *Shain* v. *Robinett.* On the day after
the property was attached, Robinett affected a settlement
with the attaching creditor, Shain, and the latter gave
him an order on the sheriff to release the property at-
tached upon payment of the keeper's fees, which then
amounted to three dollars. Upon presenting the order,
Robinett demanded the possession of the property, but
refused to pay the keeper's fees. The defendant refused
to release until such fees were paid. The plaintiff there-
upon brought this action. Judgment was rendered in
favor of the defendant, from which and from an order
refusing him a new trial, the plaintiff appealed. The
further facts are stated in the opinion of the court.

*John J. Coffey*, and *W. H. Tompkins*, for Appellant.

*Matthew I. Sullivan*, and *David McClure*, for Respond-
ent.

McKINSTRY, J.—The plaintiff, in the action *Shain* v.
*Robinett*, could not require of the sheriff (defendant
herein) to release the property by that officer attached

therein, except upon payment of his keeper's fees. (Stats. 1871–72, p. 778.) Shain did not pretend to direct the sheriff to release the attachment, except on the condition which the law attaches to every direction to release an attachment.

Robinett would have acquired no right to demand possession of the property from the sheriff by virtue of his settlement with Shain, had that settlement not provided for the payment of the keeper's fees. But it was part of the agreement of settlement that Robinett should pay the sheriff's fees. The sheriff may refuse to perform official work in advance unless his fees are paid, but (though he has not demanded them in advance), the statute continues his lien for keeper's fees until they are paid.

Judgment and order affirmed.

PATERSON, J., and SEARLS, C. J., concurred.

Hearing in Bank denied.