[No. 14233.     Department One. — December 14, 1892.]

MARY F. PERRIN ET AL., APPELLANTS, v. WILLIAM McMANN, RESPONDENT.

RELEASE OF ATTACHMENT — RIGHTS OF SHERIFF — PAYMENT OF FEES AND EXPENSES — AGENCY FOR PLAINTIFF — DISMISSAL OF ACTION. — A sheriff is not required to release property levied upon under a writ of attachment until his fees and expenses are paid, and he may retain the property until he is paid. He is the agent of the plaintiff in levying the attachment, and the plaintiff cannot relieve himself from liability for the expenses incurred in such agency by a dismissal of the action or a mere direction to release the property; neither can the parties to the action, by an agreement between themselves for its dismissal, deprive the sheriff of his fees, or compel him to look to the solvency or caprice of the plaintiff therefor.

ID. — CONSTRUCTION OF STATUTE — RETENTION OF PROPERTY ATTACHED — LIEN OF SHERIFF. — The statute of 1871–72 (p. 778), providing that a sheriff who levies an attachment upon property may retain the property until his fees are paid, in effect gives him a lien thereon for their amount, which he may enforce in any suitable mode.

ID. — RETENTION OF PROPERTY BY OUTGOING SHERIFF — TENDER TO INCOMING SHERIFF — LIEN FOR ADDITIONAL EXPENSES. — Where property which has been attached by a sheriff has not been released before the expiration of his term of office, he retains its custody, and it is incumbent upon a party wishing to procure its release to seek the outgoing

sheriff and procure the release from him. A tender of the amount due to the outgoing sheriff's successor in office is unavailing to affect the former's right to retain the property, and the party making the tender cannot complain of the additional expenses incurred in leaving the property in the custody of the outgoing sheriff after the expiration of his term of office, and before a release is sought from him.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*P. F. Benson*, and *R. H. Taylor*, for Appellants.

*R. B. Mitchell*, for Respondent.

HARRISON, J. — A writ of attachment, issued in the action of *Sayre* v. *Perrin*, was placed in the hands of the defendant, as sheriff of the city and county of San Francisco, for execution, and under it he levied upon certain personal property of the plaintiff herein, January 4, 1889, and placed the same in charge of a keeper. On the 7th of January a settlement of the controversy was effected by the parties to the suit, in which the plaintiff herein paid to Sayre the estimated costs of the action, and Sayre's attorney filed with the clerk a direction to dismiss the action, " without costs to either party." A little after four o'clock in the afternoon of that day, Sayre's attorney, Benson, went to the sheriff's office for the purpose of directing a release of the property held under the attachment. The 7th of January was the first Monday of that year, and the day on which the term of office of the defendant herein as sheriff expired, and that of his successor, Laumeister, began. Laumeister had assumed his duties as sheriff, and taken possession of the office in the morning of that day, and Simon, to whom Benson handed the direction to release the property, had been the book-keeper of McMann during his term of office, but at its expiration had been appointed book-keeper for Laumeister, and was then acting only for him. McMann, as the outgoing sheriff, retained in his custody

the property held by him under the attachment (*Sagely v. Livermore*, 45 Cal. 613), and the management of his unfinished business was in the charge of O'Connor, who had been his under-sheriff. When Benson handed the directions to Simon, he was told by Simon that McMann's term of office had expired, and that he no longer represented him, but was merely the representative of Laumeister, his successor. Benson, however, insisted that the delivery to Simon was sufficient, and made no effort to find McMann, or any one who represented him. On the 9th of January, Benson and Sayre saw O'Connor and had some conversation about the release of the property, but O'Connor refused to release it, except upon the payment of the sheriff's fees, which he then claimed to be thirty dollars. Benson, however, refused to pay more than eighteen dollars, the amount which had accrued at the date of the settlement and dismissal of the action. On the 11th of January, Benson gave to McMann a written notice to release, with which he refused to comply, except on payment of the fees, and thereupon this action was brought to recover five thousand dollars for the alleged trespass of the sheriff in retaining possession of the property for ten days. Judgment was rendered in favor of the defendant, and plaintiff has appealed.

The defendant was not required to release the property levied on under the writ of attachment until his fees and expenses were paid. The sheriff is the agent of the plaintiff in levying an attachment, and the plaintiff cannot relieve himself from liability for the expenses incurred in such agency by a dismissal of the action, or a mere direction to release the property. Neither can the parties to the action, by an agreement between themselves for its dismissal, deprive the sheriff of his fees, or compel him to look to the solvency or caprice of the plaintiff therefor. Hence, for the purpose of protecting the sheriff against such contingency, it is provided by statute that he may retain the property levied on under an attachment until his fees and expenses are paid. (Stats. 1871-72, p. 778; *Robinett* v. *Connolly*, 76 Cal.

56. See also *Hall* v. *United States Reflector Co.*, 66 How. Pr. 31.)   This statute, providing that he may retain the property until his fees are paid, in effect gives him a lien thereon for their amount, which he may enforce in any suitable mode.   (*Bowe* v. *Reflector Co.*, 66 How. Pr. 41.)   The right of the defendant to compensation for " all damages which he may sustain by reason of the attachment " is protected by the undertaking which the plaintiff in the action is compelled to give to procure the issuance of the writ (Code Civ. Proc., sec. 539); and any moneys which he may pay to the sheriff for the release of the property would be a part of such damages, or would form a part of his costs, to be included in any judgment that might be rendered in his favor in the action.   If, however, he chooses to effect a settlement with the plaintiff and accept a dismissal of the action instead of a judgment in his favor, and thereby waive his right to proceed upon the undertaking, he should see to it that the terms of settlement include the release of the property.   If he omit to do so, he cannot correct his omission by throwing his loss upon the sheriff, nor can he compel that officer to look to the plaintiff for the expenses incurred in the attachment.

In the present case, the plaintiff herein paid to Sayre the money with which to defray the sheriff's expenses incurred in keeping the property attached, but when Benson went to the sheriff's office to direct the release, he made no offer to make such payment, although he knew that the expenses had been incurred at his request; and there was no offer on the part of Sayre to make any payment until the 9th of January.   At that date the expenses had amounted to thirty dollars, but he refused to pay more than eighteen dollars, which was the amount that had accrued on the 7th, when the settlement was effected.

When Benson went to the sheriff's office to procure a release of the property, he was not only charged with public notice by virtue of the statute defining the sheriff's term of office that McMann was no longer sheriff,

but he was expressly notified by Simon that he no longer represented McMann, and that the office was in the occupancy of Laumeister. He knew that Laumeister could not release property held by McMann under the attachment, and that any notice given to Laumeister would be unavailing to affect McMann's right to retain the property. It was his duty, then, if he wished to procure its release, to seek out McMann, or his representative, and procure the release from him. It was his failure to do so, and not any delinquency on the part of McMann, that caused the additional expenses to accrue, and consequently those additional expenses should have been paid by him before he could demand a release of the property.

The judgment and order are affirmed.

Paterson, J., and Garoutte, J., concurred.