[No. 15385.  Department Two.—December 27, 1894.]

JOHN O. McAULIFFE, SUBSTITUTED FOR JOHN BLACK, RESPONDENT, *v.* DANIEL COUGHLIN ET AL., APPELLANTS.

SATISFIED JUDGMENT—MOTION TO ISSUE EXECUTION—ORDER TO SHOW CAUSE—PRACTICE.—Upon a motion for an order that execution issue upon a judgment apparently satisfied, upon an affidavit that the judgment had not been satisfied in fact, and that the entry of satisfaction thereof had been fraudulently procured, it is proper and regular practice for the court, of its own motion, to order the defendant to show cause why plaintiff's motion should not be granted, thus giving the defendant an opportunity to be heard in answer to the motion.

Id.—Jurisdiction of Court.—The court has jurisdiction of the subject matter of a motion for an order to issue execution on the judgment, and incidentally to determine whether or not the apparent satisfaction of the judgment is void as claimed by the plaintiff.

Id.—Appeal from Order to Show Cause—Review—Final Order.—Upon appeal from an order to show cause why an execution should not issue upon a satisfied judgment the appellate court cannot review a subsequent and final order directing the issuance of the execution, made after the appearance of the defendant, as the result of a hearing on the merits, from which final order no appeal has been taken.

APPEAL from an order of the Superior Court of the City and County of San Francisco to show cause why an execution should not issue.

The facts are stated in the opinion.

*J. D. Sullivan,* for Appellants.

*Sullivan & Sullivan,* for Respondent.

VANCLIEF, C.—This appeal by the defendant is from an order of the superior court citing him to show cause why an execution should not issue on a judgment of said court in favor of the original plaintiff against the defendant for the recovery of the possession of a defined strip of land.

The bill of exceptions shows that in an action of ejectment the original plaintiff recovered a judgment against defendant for the possession of said strip of land on January 14, 1882; that in August, 1890, McAuliffe, who had purchased said strip of land from the original plaintiff and had been substituted for the latter, moved the court for an order that execution issue upon said judgment.   The motion was based upon affidavits of Black and McAuliffe and the judgment-roll in said action of ejectment, it appearing by the judgment-roll, however, that the judgment had been fully satisfied by Black (the original plaintiff) on September 12, 1883. But it was stated in Black's affidavit that the judgment never had been satisfied, and that he was induced to enter satisfaction thereof by false and fraudulent statements of the defendant, to the effect that he had vacated

the land and delivered possession thereof to Black by removing his fence inclosing it, so that it inclosed no part thereof. The affidavits further show that defendant never so removed his fence, but that it has always inclosed and still incloses a part of said strip of land, and that he refuses to deliver possession thereof to McAuliffe.

Upon this showing the court made the order to show cause, from which this appeal was taken.

Conceding, merely for the purposes of this appeal, that this order to show cause is an appealable order (which I think questionable, at least), the court did not err in making that order on the showing made, since it had jurisdiction of the subject matter of the motion for an order to issue execution on the judgment, and incidentally to determine whether or not the apparent satisfaction of the judgment was void, as claimed by the plaintiff. It does not appear that plaintiff moved for the order to show cause, but upon his motion for an order that execution issue it was proper and regular practice for the court, of its own motion, to order the defendant to show cause why plaintiff's motion should not be granted; thus giving the defendant an opportunity to be heard in answer to that motion. The order to show cause was simply a notice of the motion, and a citation of the defendant to appear at a stated time and place and show cause why plaintiff's motion should not be granted. Such orders are frequently made, especially on applications for injunctions and writs of mandate. They are never prejudicial to the rights of the party cited, and I am not aware of any case of appeal from such an order except this. Nor has counsel advanced any reason or authority for holding the order in this case erroneous. His argument is wholly directed against the subsequent and final order directing the issuance of the execution, made after the appearance of the defendant as the result of a hearing on the merits; and from which final order no appeal has been taken. It is true, however, that counsel for

respondent have replied to these arguments against the final order without objection on the ground that no appeal from it has been taken; but this does not supply the want of jurisdiction of this court to review orders of the superior court from which no appeal has been taken, except such as are made in a pending action before final judgment.

I·think the order appealed from should be affirmed.

TEMPLE, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

MCFARLAND, J., DE HAVEN, J., FITZGERALD, J.