[Sac. No. 1522. In Bank.—November 29, 1907.]

## WOOD, ·CURTIS & COMPANY (a Corporation), Appellant,. v. MISSOURI PACIFIC RAILWAY COMPANY et al., Respondents.

APPEAL—ORDER SUSTAINING DEMURRER AND STRIKING OUT—JUDGMENT. —No appeal lies from an order sustaining or overruling a demurrer, or from an order made on a motion to strike out portions of a pleading. Such orders are reviewable only on appeal from the judgment.

ID.—ENTRY OF JUDGMENT ESSENTIAL TO APPEAL.—Under subdivision 1 of section 939 of the Code of Civil Procedure, prescribing that an appeal may be taken from a final judgment in an action or special proceeding "within six months after the entry of judgment," the appellate court cannot entertain an appeal from such a judgment where the appeal was taken before the actual entry of the judgment in the book wherein it is required ·by law to be entered of record.

ID.—DISMISSAL ON SUSTAINING DEMURRER TO COMPLAINT—ENTRY IN JUDGMENT-BOOK.—A final judgment in favor of a defendant rendered upon sustaining a demurrer to the complaint on any of the . statutory grounds, and upon the plaintiff's declining to amend, irrespective of the particular relief the judgment gives to the defendant, that is, whether it declares that plaintiff shall take nothing or that the action shall abate, or that "the action be dismissed" and defendant recover his costs, is a final determination upon the pleadings of the relative rights of the parties so far as: the particular action is concerned, and is required by section 668 of the Code of Civil Procedure to be entered in the " judgment-book," which that section requires the clerk to keep, and no appeal can be taken therefrom until its entry in such book.

ID.—ENTRY IN CLERK'S REGISTER OR MINUTES.—A judgment so rendered in favor of a defendant, that "the action be dismissed and defendants recover their costs," is not a mere dismissal of the action, which section 581 of the Code of Civil Procedure authorizes to be made in certain cases by entry in the clerk's register, and in others by orders of the court entered upon the minutes.

MOTION to dismiss an appeal from orders and judgment of the Superior Court of Sacramento County. J. W. Hughes, Judge.

The facts are stated in the opinion of the court.

L. T. Hatfield, for Appellant.

Devlin & Devlin, for Respondents.

ANGELLOTTI, J.—This is an action to recover the value of two carloads of potatoes, alleged to be worth $587.94, shipped by plaintiff over the railroads of defendants, common carriers, and alleged to have been damaged while in the custody of said carriers, by reason of their negligence.  Defendants interposed demurrers to the second amended complaint on the grounds of want of facts to constitute a cause of action, want of jurisdiction over the persons of defendants, also of ambiguity, uncertainty, unintelligibility, and that the action is barred by a provision of our statute of limitations.  On March 2, 1905, these demurrers, after argument, were sustained by the trial court, with leave to plaintiff to amend its complaint within twenty days.  On the same day motions to strike out certain portions of such complaint were granted in part.  Orders so disposing of demurrers and motions to strike out were thereupon entered on the minutes.  On March 10, 1905, plaintiff having notified defendants and the court that it would not amend and elected to stand on the second amended complaint as to which the demurrers had been sustained, the court rendered judgment in the following form:—

"In the above entitled action the respective demurrers of the defendant, Missouri Pacific Railway Company, and St. Louis, Iron Mountain & Southern Railway Company, to the second amended complaint having been sustained and plaintiff allowed 20 days in which to amend, and plaintiff having elected in writing not to amend but to stand on the pleading as filed, it is ordered that the leave heretofore granted to amend be withdrawn, and the demurrers having been sustained, it is ordered that the action be dismissed and defendants recover their costs.

"March 10, 1905.           "J. W. Hughes, Judge."

This judgment was on the same day spread at length in writing on the courtroom blotter or civil minutes of the court and on the register of actions, and prior to April 1, 1905, was spread at length in writing in the minutes of the court.  It was not entered in the judgment-book, the book designated by law for the entry of judgments (Code Civ. Proc., sec. 668), until September 29, 1905.  This appeal of plaintiff, taken to the district court of appeal, according to the notice of appeal

"from the orders and judgment therein given, made and entered in the said Superior Court, on the 2nd day of March, 1905," was taken prior to such entry, viz. in August, 1905. A motion was made to dismiss the appeal upon the ground, among others, that it was prematurely taken and that the appellate court was therefore without jurisdiction to entertain it.   The case being submitted to that court both upon the motion and upon the merits, the motion to dismiss was denied and the judgment was reversed with directions to the court below to modify the order to strike out and to overrule the demurrers.   Upon petition of defendants an order was made by this court within the time allowed by the constitution, transferring the appeal to this court for hearing and determination.   The motion to dismiss has been renewed here and submitted, with the appeal on the merits, for decision.

No appeal lies, under our law, from an order sustaining or overruling a demurrer, or from an order made on a motion to strike out portions of a pleading, and such orders are reviewable only on appeal from the judgment.

It must be taken as settled that under subdivision 1 of section 939 of the Code of Civil Procedure, prescribing that an appeal may be taken from a final judgment in an action or special proceeding "within six months after the entry of judgment," the appellate court cannot entertain an appeal from such a judgment where such appeal was taken before the actual entry of the judgment in the book wherein it is required by law to be entered of record.   (See *Estate of More,* 143 Cal. 493, [77 Pac. 407], and cases cited in concurring opinion therein.)

There is nothing contained in the record which can be held to operate as an estoppel upon defendants to show the date of actual entry of the judgment, as in the cases of *Estate of Pichoir,* 139 Cal. 694, [70 Pac. 214, 73 Pac. 604], and *Harnish* v. *Bramer,* 71 Cal. 155, [11 Pac. 888].   Neither judgment-roll nor bill of exceptions states the date of entry of judgment in the judgment-book or shows entry thereof anywhere.   The stipulation at the end of the transcript is most carefully guarded in language, certifying only "that the foregoing is a full and true transcript of the pleadings, files, orders and judgments that were agreed to be printed in the above entitled case, for use on appeal, without prejudice to motion of

respondents to dismiss appeal for matters and reasons other than covered by stipulation.'' The stipulation in relation to printing transcripts, relied on by counsel for plaintiff, made long prior to the taking of any appeal, is destitute of anything that could be construed as an admission of any entry of judgment.

The judgment not having been entered in the judgment-book prior to the appeal, it would appear, then, that the only question in this connection is whether such judgment-book was the place designated by law for its entry. Section 668 of the Code of Civil Procedure provides: ''The clerk must keep, with the records of the court, a book to be called the 'judgment-book,' in which judgments must be entered.'' This section by its terms includes all final judgments in civil actions, and in the absence of provision elsewhere applicable to the judgment here involved, must govern.

It is urged that this judgment is simply one of dismissal of an action, and that as to judgments of dismissal special provision is elsewhere made, making the minutes of the court the proper place for the entry. The statute relied on is section 581 of the Code of Civil Procedure, as amended in 1897, providing that an action may be dismissed or judgment of nonsuit entered in certain cases specified in various subdivisions, none of which is applicable here, and further providing that the dismissals mentioned in subdivisions 1 and 2 (voluntary dismissals), ''are made by entry in the clerk's register,'' and those mentioned in subdivisions 3, 4, 5, and 6 ''shall be made by orders of the court entered upon the minutes thereof, and shall be effective for all purposes when so entered.'' As to the cases specified by the subdivisions last named, it is clear that entry of the order of dismissal in the minutes is all that is required for the purposes of appeal, but this is so solely because of the special provision as to such cases, as is apparent from the decision of this court in *Page* v. *Superior Court,* 76 Cal. 372, [18 Pac. 385], a decision rendered prior to the incorporation of the provisions by amendment as to manner of dismissal. Subdivision 7 of the same section provides for the dismissal of an action by the court on its own motion or on motion of any interested party, unless summons is issued within one year, or served and return made thereon within three years after the commencement of the

action, and no special provision as to manner of dismissal is made in such subdivision. In *Marks* v. *Keenan*, 140 Cal. 33, [73 Pac. 751], where there was a dismissal for failure to serve the summons within a reasonable time, a case not specified in any of the subdivisions of section 581 of the Code of Civil Procedure, it was held that as such section dealt with "the subject of orders of dismissals of actions," the special provision as to entry of the order on the minutes "should be held to apply to all such dismissals," and that the entry of the order in the minutes in that case was sufficient for all the purposes of appeal. The same has been held as to dismissals under subdivision 7 above referred to. (*Pacific Paving Co.* v. *Vizelich*, 141 Cal. 4, [74 Pac. 352]; *Matthai* v. *Kennedy*, 148 Cal. 699, [84 Pac. 37].)

The judgment before us, however, does not show a dismissal of the character referred to by these decisions as covered by the special provision of section 581 of the Code of Civil Procedure, a mere *order of dismissal* made by the court because of the failure of the plaintiff to appear at the trial, or to prosecute his cause with reasonable diligence, or to take necessary steps therein within the time prescribed by statute, or to comply with some requirement as to the giving of security (Code Civ. Proc., sec. 1037), or because of his abandonment of the case, or because of other similar failure or neglect by reason of which he is held to have lost his right to be heard at all in the further prosecution of his action. With the single exception of the nonsuit on the trial provided for by subdivision 5 of section 581 of the Code of Civil Procedure, this is the character of cases in which orders of dismissal may be made by a court under our practice, and this is the kind of dismissal referred to by the decisions cited. Such an order of dismissal is not a judgment at all in the strict sense, but it is treated as such for all the purposes of taking an appeal because it finally disposes of the particular action as effectually as would any formal judgment based on ruling on demurrer or on findings or verdict on the facts. While the judgment in the case at bar provides in terms "that the action be dismissed," it shows on its face that it is a final judgment in favor of defendants, given upon sustaining their demurrers to plaintiff's complaint, because of the insufficiency of such complaint in some respect designated by the statute as a

ground of demurrer and specified in the demurrers filed, the plaintiff electing not to amend, but standing on its complaint as filed. Plaintiff is treating it as such a judgment, its only contention on this appeal being as to the correctness of the order striking out portions of its complaint, and the order sustaining the demurrers, matters that can only be considered on an appeal from such a final judgment, and that would not be the legitimate subject of inquiry on an appeal from any mere order of dismissal. When a demurrer to a complaint is sustained on any ground for which a demurrer will lie under our statute, and the complaint is not amended, the plaintiff electing to stand on the complaint as filed, the defendant is entitled to judgment in his favor. It is immaterial in this regard upon what statutory ground the demurrer is sustained. That would be a question of concern in determining to what extent the judgment so given operates as an estoppel, but it is not material to the present inquiry. It is also immaterial on this inquiry what particular relief the judgment gives to the defendant. Whether it declares that plaintiff shall take nothing, or that the action shall abate, or "that the action be dismissed and defendants recover their costs," as in the case at bar, it is in the strictest sense a final judgment, a final determination *upon the pleadings* of the relative rights of the parties so far as the particular action is concerned, and is essentially different from the order of dismissal of an action made without regard to the relative rights of the parties to the action as shown by the pleadings. It would be an unwarranted assumption of legislative power on the part of the courts to hold that the special provision of section 581 of the Code of Civil Procedure as to the manner of making certain dismissals, is applicable to such a judgment simply because of the nature of the relief granted thereby. It has never been so held, and there is nothing in any of the cases cited that can reasonably be construed as supporting any such view.

We are satisfied that the place designated by law for the entry of this judgment was the judgment-book provided by section 668 of the Code of Civil Procedure and that as no entry of the judgment in such book was made until after this appeal had been taken, the appeal cannot, in view of our well established rule, be entertained.

The appeal is dismissed.

McFarland, J., Sloss, J., Shaw, J., Lorigan, J., and Henshaw, J., concurred.

Rehearing denied.