[Civ. No. 444.   Third Appellate District.—September 9, 1908.]

A. G. LITCH et al., Appellants, v. B. S. KERNS et al., Respondents.

APPEAL—ORDER SUSTAINING DEMURRER—ABSENCE OF JUDGMENT—DISMISSAL.—An order sustaining a demurrer to a complaint is not appealable, and where it appears that no judgment has been rendered or entered, such order is not reviewable, and the appeal therefrom must be dismissed.

ID.—ENTRY OF JUDGMENT ESSENTIAL.—The entry of a judgment from which an appeal may be taken is essential to the review of an order sustaining a demurrer to the complaint, whether the court refuses leave to amend, or the plaintiff declines to amend the complaint demurred to.

ID.—DEMURRER PROPERLY SUSTAINED.—*Held*, upon examination of the record, notwithstanding the dismissal of the appeal from the order sustaining the demurrer, it appears that the demurrer to the complaint was properly sustained.

APPEAL from an order of the Superior Court of Butte County sustaining a demurrer to the complaint. K. S. Mahon, Judge.

The facts are stated in the opinion of the court.

L. F. Eggers, for Appellants.

Park Henshaw, for Respondents.

BURNETT, J.—The record shows that "The demurrer to the second amended complaint was duly argued by respective counsel, and after due consideration by the court it is ordered that said demurrer be and the same is hereby sustained. To which ruling counsel for plaintiff then and there duly excepted."

The notice of appeal specifies that "The plaintiffs hereby appeal . . . from the order of the aforesaid Superior Court . . . in sustaining the demurrer of defendants to the said plaintiffs' complaint."

It does not appear that plaintiffs ever applied to the court for permission to file another amended complaint nor that there would have been a denial of said application if it had been made.

However, we must presume that plaintiffs chose to rely upon the complaint in question, and in orderly sequence a judgment should have been rendered dismissing the action or for defendants for their costs. An appeal from the judgment would have brought under review the question of law whether the court erred in holding that the second amended complaint fails to state facts sufficient to constitute a cause of action. But, as shown by the certificate of the clerk, "no judgment upon said order or any judgment of any kind has ever been rendered or entered."

Respondents have moved to dismiss the appeal upon the ground: "First, that said appeal was prematurely taken, and, second, that the order appealed from is not an appealable order."

The position is clearly well taken.

An order sustaining or overruling a demurrer is not appealable. (Code Civ. Proc., sec. 939; *Moulton* v. *Ellmaker*, 30 Cal. 528; *Hibbard* v. *Smith*, 39 Cal. 147; *Ashley* v. *Olmstead*, 54 Cal. 618.)

In the last cited case it is said: "From an order sustaining a demurrer . . . no appeal can be taken directly to this court; the only method of review of such proceedings here is through an appeal from the final judgment entered in the action itself, if such judgment be unfavorable."

In the Hibbard case, *supra*, it is said: "The judgment is itself an adjudication upon the demurrer; and it is only from the judgment and not from an order sustaining the demurrer,

that the plaintiff could appeal. We have repeatedly held, that an order sustaining or overruling a demurrer is not an appealable order.''

There is nothing to the contrary in the cases cited by appellants.

In *Gallardo* v. *Reed,* 49 Cal. 346, there was an application to the supreme court for a writ of mandate to compel the trial judge to pronounce judgment. The court said: ''The demurrer to the complaint was sustained and the plaintiff's application to amend was refused. This amounts to a final disposition of the cause, and it therefore became the duty of the clerk in the absence of special directions from the judge to enter appropriate judgment in the records of the court.''

So, here, if the court had refused to allow the plaintiffs to amend, it might be considered equivalent to a final judgment, but still it would be the duty of the clerk to enter a judgment in favor of defendants, and from this the appeal would properly be taken.

The case of *Goldtree* v. *Spreckels,* 135 Cal. 672, [67 Pac. 1091], cited by appellants, has no direct bearing upon the question before us. It does, however, in the following quotation, recognize the necessity of a judgment in addition to the order sustaining the demurrer to the complaint:

''When a general demurrer to a petition is sustained, and the plaintiff declines to amend, he practically confesses that he has alleged in his pleading every fact he is prepared to prove in support of his action. Therefore, in such a case, nothing remains to be done except to render judgment for the defendant.''

In the foregoing view there is nothing technical or arbitrary, nor does this course impose upon an appellant any hardship, but, on the contrary, it harmonizes with the requirement of the statute the decisions of the courts and the uniform practice of the profession.

No doubt if plaintiffs had announced that they declined to amend, or if the court had refused them permission so to do, the clerk would have entered the appropriate judgment, and the appeal could have been properly taken, but appellants chose rather to pursue a course for which we can find no reason nor legal support.

It may be added, that notwithstanding the conclusion we have reached on the motion to dismiss, we have examined the

whole record, and we are entirely satisfied that the trial court· properly sustained the demurrer.

The appeal is dismissed.

Chipman, P. J., and Hart, J., concurred.