[Civ. No. 1090. First Appellate District.—October 23, 1912.]

.W. F. HANKE, Appellant, v. H. B. McLAUGHLIN, City Clerk of Sanger, Respondent.

APPEAL—ABSENCE OF JUDGMENT IN MANDAMUS—ORDER SUSTAINING DEMURRER TO PETITION—WANT OF JURISDICTION—DISMISSAL.—An appeal does not lie from an order sustaining or overruling a demurrer to a petition for a writ of *mandamus*. The action of the court upon the demurrer can only be reviewed upon the appeal from the final judgment entered in the proceedings, and where no final judgment appears in the record, the court has no jurisdiction of the appeal, and it must be dismissed.

APPEAL from a judgment and order of the Superior Court of Fresno County sustaining a demurrer to a petition for a writ of mandate. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

Everts & Ewing, for Appellant.

E. L. Howell, and Drew & Drew, for Respondent.

HALL, J.—This purports to be an appeal from a judgment and order "sustaining the demurrer of defendant to plaintiff's petition herein." The petition was one for a writ of mandate against the defendant as city clerk of the city of Sanger.

The record before us discloses that the court sustained defendant's demurrer to plaintiff's petition, but it does not disclose that any judgment, either denying or dismissing the petition, was ever rendered or entered. The notice of appeal in the record purports to be an appeal "from that certain order and judgment . . . sustaining the demurrer of defendant to plaintiff's petition herein."

The only order in the record is as follows: "The demurrer to the petition for a writ of *mandamus,* which said demurrer is on file herein, is argued by respective counsel, and submitted, and it is by the court ordered that the said demurrer be, and it is hereby sustained." There is no final judgment in the record whatever.

An appeal does not lie from an order either sustaining or overruling a demurrer. The action of the court upon the demurrer can only be reviewed upon an appeal from the final judgment entered in the action or special proceeding. (*Moraga* v. *Emeric,* 4 Cal. 308; *Moulton* v. *Ellmaker,* 30 Cal. 529; *Agard* v. *Valencia,* 39 Cal. 292; *Hibberd* v. *Smith,* 39 Cal. 145; *Fortain* v. *Smith,* 114 Cal. 494, [46 Pac. 381]; *Wood, Curtis & Co.* v. *Missouri etc. Ry. Co.,* 152 Cal. 344, [92 Pac. 868]; *Litch* v. *Kerns,* 8 Cal. App. 747, [97 Pac. 897]; Code Civ. Proc., secs. 939, 963.) (See, also, *Kimple* v. *Conway,* 69 Cal. 71, [10 Pac. 189]; *Foley* v. *Foley,* 120 Cal. 33, [65 Am. St. Rep. 147, 52 Pac. 122]; *Stebbins* v. *Larson,* 4 Cal. App. 482, [88 Pac. 505].)

As this court has no jurisdiction of the appeal, we must dismiss the appeal. (*Pedlar* v. *Stroud,* 116 Cal. 461, [48 Pac. 371]; *Bienenfeld* v. *Fresno Milling Co.,* 82 Cal. 425, [22 Pac. 1113].)

The appeal is dismissed.

Lennon, P. J., and Kerrigan, J., concurred.