[Civ. No. 3671. Second Appellate District, Division Two.—December 21, 1922.]

D. B. NEWELL, Respondent, v. R. McDONALD et al., Appellants.

[1] ATTACHMENT—RELEASE OF AUTOMOBILE—PAYMENT OF STORAGE CHARGES—RIGHT OF SHERIFF.—Where a sheriff was notified by plaintiff's attorney to release an attached automobile, and such officer thereupon directed the garage in which the car was stored to release it and the garage refused to do so until the costs of storage were paid, the sheriff in ratifying and affirming the stand taken by the garage demanded nothing more than the statute authorized him to require.

[2] ID.—INDEMNITY BOND—DEFENSE OF ACTION—ATTORNEY'S FEES.— Under an indemnity bond given to secure a sheriff against liability from all damages, expenses, costs, and charges and against all loss and liability by reason of the attachment of an automobile, the sheriff is entitled to reasonable attorney's fees incurred in defending a claim made under section 689 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Kern County. Howard A. Peairs, Judge. Affirmed.

The facts are stated in the opinion of the court.

Emmons, Aldrich & Heck for Appellants.

Edward F. Brittan for Respondent.

CRAIG, J.—The plaintiff, the sheriff of Kern County, prosecutes this suit against R. McDonald and R. McDonald, Jr., on an indemnity bond executed by these defendants as sureties. The action in connection with which the bond was given was entitled *Dormitzer* v. *F. M. Meigs and Consolidated Chemical Company.* Dormitzer has since died and W. G. Sylvester has been appointed administrator of his estate. In that action after an attachment had been procured by the plaintiff on October 2, 1917, one W. S. Meigs filed a third-party claim asserting ownership of the automobile which was the subject of the litigation. The indemnity bond signed by the McDonalds as sureties was to secure the sheriff against liability "from all damages, ex-

penses, costs and charges, and against all loss and liability, which either said sheriff, his heirs, executors or administrators shall sustain, or, in anywise be put to, for, or by reason of the attachment, seizing, levying, taking or retention by said sheriff in his custody under said attachment of the said property claimed as aforesaid." In the case at bar, after a trial, the court rendered judgment for the plaintiff in the sum of $1,880.68 and costs. The main facts were stipulated. These, in so far as it is necessary to recite them for the purposes of this appeal, are: that the plaintiff, as sheriff, by virtue of a writ of attachment issued in the action of *Dormitzer* v. *Meigs et al.,* levied upon and held possession of the automobile which was the subject of the suit; that W. S. Meigs, not a party to the action last referred to, served a written verified claim, pursuant to section 689 of the Code of Civil Procedure, upon the sheriff, claiming the right to possession of the automobile and demanding that the sheriff release it from the attachment.

That upon receipt of said verified claim the sheriff notified Dormitzer of the filing of said claim and that thereupon Dormitzer, as principal and R. McDonald and R. McDonald, Jr., as sureties, executed and delivered to the sheriff, in order that the sheriff should retain possession of said automobile, a bond of indemnity in the sum of $2,000; that the sheriff thereupon retained possession of said automobile and held the same under and by virtue of said writ of attachment.

That thereafter W. S. Meigs sued Newell, as sheriff, and his sureties for possession of the automobile or $1,000, the alleged value thereof, and damages; that on January 28, 1920, judgment was entered in that action for the delivery of said automobile, or, in case that could not be made, for $1,000, the value thereof, and also $1,350 damages for the unlawful detention of the car and for $23.25 costs; that the sheriff paid this judgment for damages and costs, and also $87.55 added costs for storage to the date of judgment and $100 attorney's fees incurred in the defense of the action; that the defendants refused to pay any of the above sums except the amount of $108 which they tendered the sheriff on January 23, 1918, as payment in full for all costs and damages accrued to November 26th (the date on which the sheriff had instructed the keeper to release the car). It was further stipulated

that prior to the trial of the case of *Meigs* v. *Newell et al.*, T. N. Harvey, the attorney for Dormitzer in the original action, gave the sheriff written notice to release the car from the attachment; that the sheriff in turn wrote to the Bakersfield garage instructing them to release the automobile; this the Bakersfield garage refused to do until costs of storage were paid, and so notified the sheriff, who then gave the same information to Harvey.

Aside from the stipulated facts, the evidence showed that prior to the date set for the trial of the action of *Dormitzer* v. *Meigs*, T. N. Harvey became a judge of the superior court of Kern County and was therefore disqualified to appear as attorney in that action; that Newell notified the McDonalds of said disqualification and that unless they employed other counsel the sheriff would do so; that the judgment above described was duly and regularly entered in the last-named action and that the sheriff notified the McDonalds of its entry and that the time for appeal had not elapsed, and that if they wished to appeal they could select counsel for that purpose. The evidence shows that the sheriff notified Harvey, while acting as the attorney for the plaintiff in the attachment proceeding, that the storage charge was due and must be paid before he would release the car from the attachment, and also that the sheriff notified the plaintiff Dormitzer to the same effect. Without reciting the detail of the matter further, it may be said that there is evidence to the effect that the sheriff gave the defendants ample notice of each step that was taken by him after the undertaking here sued upon was executed, and that they failed to defend the original action further or to pay the sheriff his fees and expenses in order that the attachment might be released and further charges be avoided. It also appears that the tender of $108 by defendants did not include cost of storage up to the date of tender.

The record contains evidence contrary to some of both the stipulated facts and those above recited and not stipulated, but such evidence does no more than to create a conflict whose merits will not be reviewed on appeal. As to the reasonableness of the storage charges it must be apparent that as a mere computation shows that the amount fixed by the trial court did not exceed the maximum allowed by law to be paid a keeper, to wit, three dollars per day, and appel-

lant has not seen fit to include the findings in the record, no reversal can be predicated upon that part of the judgment.

[1] The stipulation admits that Newell "did levy upon and seize and take possession of and hold possession of a certain Peerless automobile," etc.; that the bond herein sued upon was executed "for the purpose of causing said sheriff to retain possession of the said automobile," and again, from the foregoing and other parts of the stipulation of facts appellants have concluded their right to question the fact that the possession of the car by the Bakersfield garage was the possession of the sheriff. It appears that the sheriff directed his agent to release the automobile, but the Bakersfield garage did not in fact give up possession or actually comply with such order. This may have been insubordinate conduct, but that would be a matter of concern to no one except the sheriff and the Bakersfield garage; it demanded payment of storage charges, etc. The sheriff ratified and himself affirmed the stand taken by the garage. There can be no question but that in so doing he demanded nothing more than the statute authorized him to require.

Cases cited by respondent amply sustain this proposition. (Civ. Code, sec. 3057; Pol. Code, sec. 4295; *Perrin* v. *McMann*, 97 Cal. 52 [31 Pac. 837]; *Robinett* v. *Connolly*, 76 Cal. 56 [18 Pac. 130].) [2] The sheriff was entitled to recover for reasonable attorney's fees under the provision heretofore quoted from the bond sued upon. Also the court had authority to determine that $200 was such a fee. (*Tunstead* v. *Nixdorf*, 80 Cal. 647 [22 Pac. 472].)

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 19, 1923.

All the Justices concurred.