[Civ. No. 2572. Third Appellate District.—May 7, 1923.]

## C. WORTH, Appellant, v. BIRDIE V. WITT et al., Respondents.

[1] APPEAL — ORDER SUSTAINING DEMURRER.—An order sustaining a demurrer to a complaint without leave to amend is not appealable.

APPEAL from an order sustaining a demurrer without leave to amend. Charles S. Burnell, Judge. Appeal dismissed.

The facts are stated in the opinion of the court.

J. G. Rossiter and B. M. Marble for Appellant.

Edward R. Milliken for Respondents.

BURNETT, J.—Plaintiff brought the action to recover $2,750 which he claimed to be due for rent. Defendants owned an adjoining lot upon which were growing certain trees, the roots of which had intruded into the soil of the lot belonging to plaintiff. The latter gave notice to the former that he would demand a rent of $50 a month for the said use of his land. No attention was paid by respondents to said notice, and thereafter another notice was given that the rent would be $100 a month from a certain date. This was also ignored, and the complaint followed, based upon the theory that by reason of said notice and the implied acquiescence of the defendants the relation of landlord and tenant was created. The question thus suggested is novel and interesting, but, as we read the record, we have no jurisdiction to determine it in this proceeding.

[1] A demurrer, both general and special in its nature, was interposed and the record shows the court sustained the demurrer without leave to amend. No other order or judgment appears in the transcript, and it is from this order that the appeal was attempted to be taken as shown by the following notice: "Please take notice: That plaintiff above named hereby appeals to the District Court of Appeals . . . from the whole of that certain order and judgment made and entered in this action by said court on the 21st day of October, 1921, wherein and whereby said court sustained defendants' demurrer to plaintiff's complaint without leave to plaintiff to amend, and from the whole thereof."

In the written request to the clerk for the preparation of the transcript plaintiff recited also that he "desires to appeal and has appealed from ruling of this court on defendants' demurrer to plaintiff's amended complaint, wherein and whereby said demurrer was sustained without leave to plaintiff to amend."

That such order is not appealable is settled beyond controversy. The action of the court upon the demurrer can only be reviewed upon an appeal from the final judgment entered in the action. (*Wood, Curtis & Co.* v. *Missouri etc. Ry. Co.,* 152 Cal. 344 [92 Pac. 868]; *Litch* v. *Kerns,* 8 Cal.

App. 747 [97 Pac. 897] ; *Hanke* v. *McLaughlin,* 20 Cal.
App. 204 [128 Pac. 772] ; *Pacific S. Home* v. *Protection
Dist.,* 49 Cal. App. 326 [93 Pac. 169].)

This point was not made by respondents in their brief
or on the oral argument and hence it was deemed advisable
to call the attention of the parties to the question that they
might submit their views thereon.   In response to the sug-
gestion appellant has moved for a diminution of the record
to show that a judgment of dismissal was actually entered.
His motion has been granted and the appropriate addition
made to the record.   But it is apparent that the change
does not aid him in any manner.   In fact, it shows clearly
that his appeal was entirely premature.   The clerk's cer-
tificate shows that the order of dismissal was made and en-
tered on April 10, 1922, whereas the notice of appeal was
given October 21, 1921.   Of course, an appeal of October
21, 1921, could not be from a judgment of April 10, 1922.
It is the claim of appellant that the clerk should have en-
tered the order of dismissal, on October 21, 1921, but, be
that as it may, the fact is that he did not do so, and the
statutory privilege of taking an appeal is based upon what
has been done and not upon what should have been done.
It is manifestly of no moment that appellant believed that
said action had been dismissed.   The dismissal involved a
vital fact which he must ascertain at his peril.

Moreover, as we have seen, the notice of appeal was not
from any supposed judgment of dismissal, but from the
order sustaining the demurrer.

Having attempted to appeal from an order from which
the statute gives no right of appeal, appellant's proceeding
is abortive and this court has no jurisdiction.

The appeal is dismissed.

Finch, P. J., and Hart, J., concurred.