[Civ. No. 1110. Fourth Appellate District.—October 19, 1934.]

**J. EDGAR ROSS, Appellant, v. WILLIAM O'BRIEN, Constable, etc., Respondent.**

J. Edgar Ross, *in pro. per.*, for Appellant.

W. E. Abraham for Respondent.

JENNINGS, J.—This is an appeal from an order of the Superior Court of Imperial County denying appellant's petition for a writ of mandate and sustaining a demurrer to the petition. The appeal is presented on the judgment-roll alone. The order from which the appeal is taken appears in the clerk's transcript in the form of an entry in the minutes of the court and is in the following language:

"MINUTE ENTRY.

"TITLE OF COURT AND CAUSE.

"Friday, September 29th, 1933.

"Court convened at 10:00 o'clock A. M.

"Present: Hon. Roy D. McPherrin, Judge.

"M. A. Christian, Clerk.

"George Evans, Bailiff.

"15784.

| "J. EDGAR ROSS, Plaintiff, | PETITION FOR WRIT |
| vs. | OF MANDATE |
| "WILLIAM O'BRIEN, Defendant. | DEMURRER. |

"Appearances: P. N. Myers for the plaintiff.

"W. E. Abraham, for the defendant.

"The above entitled matters coming on regularly to be heard this day, and being presented to the Court by oral arguments of counsel, it is ordered by the Court that the petition for writ of mandate be and the same is hereby denied, and that the demurrer be and hereby is sustained."

It seems apparent that the order is, in effect, one sustaining a demurrer to the petition. If such is the proper construction of the order it is not an appealable order (*Wood, Curtis & Co.* v. *Missouri etc. Ry. Co.*, 152 Cal. 344, 346 [92 Pac. 868]; *Hanke* v. *McLaughlin*, 20 Cal. App. 204 [128 Pac. 772]; *Worth* v. *Witt*, 62 Cal. App. 134 [216 Pac. 90]; *Nicoll* v. *First Nat. Trust & Sav. Bank of San Diego*, 139 Cal. App. 195 [33 Pac. (2d) 838]).

■ If, however, the order may be construed as a judgment of dismissal because of the presence in the order of the provision denying the petition, the appeal is equally ineffective for the reason that it does not appear that any judgment was ever entered. The general rule applicable is expressed in section 664 of the Code of Civil Procedure, which provides that ''In no case is a judgment effectual for any purpose until [ ] entered.'' Although it is declared in section 581 of the Code of Civil Procedure that dismissals of actions on certain grounds may be entered upon the minutes of the court and ''are effective for all purposes when so entered'' the order here attacked is not one which is properly included in any of the subdivisions of said section. The only subdivision of section 581 which might be considered as permissive of the present appeal is subdivision 3, which provides that an action may be dismissed ''by the court, when either party fails to appear on the trial and the other party appears and asks for the dismissal, [or when, after a demurrer to the complaint has been sustained, the plaintiff fails to amend it within the time allowed by the court, and the defendant moves for such dismissal]''. The order which is here attacked shows that the demurrer to the petition was sustained. It does not show that permission was granted to appellant to amend his petition or that respondent had moved for a dismissal of the action. The provisions of section 581 of the Code of Civil Procedure constitute exceptions to the general rule requiring entry of a judgment in order that it shall be effectual for any purpose and ''cannot be extended beyond the strict letter of the statute'' (*Egan* v. *McCray*, 220 Cal. 546 [31 Pac. (2d) 1041]).

Apart, however, from the fact that we entertain the opinion that the appeal is abortive and should be dismissed for the reasons above stated, we have examined appellant's petition and have arrived at the conclusion that the trial court's action in sustaining the demurrer thereto was proper and that its order to this effect should be affirmed.

The petition alleges that a certain action was filed by one Chacon in the Justice's Court of Brawley Township, Imperial County, against Jesus Mardueno, wherein the plaintiff sought to recover a money judgment against the defendant; that a writ of attachment issued out of the justice's court

and was delivered to the respondent who took possession of certain personal property claimed by one Carlota Mardueno as her property; that thereafter Carlota Mardueno, in consideration of the sum of $50, sold and transferred to appellant all her right, title and interest in said property; that thereupon appellant filed with the respondent a duly verified third party claim under the provisions of section 519 of the Code of Civil Procedure; that respondent neither released the property nor required bond for its retention; that Chacon then filed an amended complaint in which he named appellant, Carlota Mardueno, and Julia Mardueno as defendants and procured an amended writ of attachment which was served by reattaching the property theretofore seized under the original writ; that the action was tried in the justice's court and resulted in the voluntary dismissal of the suit as to appellant and the rendition of a judgment against Jesus Mardueno alone for the sum of $156 and costs which were thereafter taxed in the amount of $100, including $20 for keeper's fees, $60 for storage, and $10 for drayage; that prior to the issuance of execution to enforce collection of the judgment, appellant filed another third party claim to the property in which he alleged that the property was worth the sum of $2,500; that thereafter the respondent corruptly connived with the plaintiff in the justice court action and accepted from said plaintiff a bond in the amount of $500, which bond was executed in appellant's favor; that appellant objected to the sufficiency of the sureties on the bond and a time was appointed for the justification of the sureties; that appellant and the attorney for Chacon appeared at the time and place designated but that one of the sureties failed to appear and no surety justified at this time; that respondent nevertheless refused to release the property; that the justice's court, over appellant's objection, continued the hearing as to the sufficiency of the sureties, to a later date at which time the sureties on the bond "are purported to have justified"; that execution was issued on the judgment and the property in respondent's possession was advertised for sale; that thereafter appellant filed an undertaking for the release of the property in accordance with section 710 et seq. of the Code of Civil Procedure in double the amount of the judgment, with certain named sure-

ties who justified upon exception to their sufficiency; that the justice's court then made an order directed to the respondent reciting the filing of an undertaking for the release of the property and ordering and directing respondent to release the property to appellant; that notwithstanding the issuance of such order respondent refused to release the property, claiming as an excuse for his refusal that his fees had not been paid. The petition concludes with a prayer for the issuance of a writ of mandate requiring respondent to release the property as an act especially enjoined by law and as a duty resulting from respondent's office.

In giving consideration to appellant's contention that the trial court erred in sustaining respondent's demurrer to the petition, certain fundamental principles which pertain to the remedy sought by the petition must be borne in mind. █ In the first place the writ of mandate is not always a writ of right. "When it is applied for there must be a clear case to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station." (*Perrin* v. *Honeycutt*, 144 Cal. 87 [77 Pac. 776]; sec. 1085, Code Civ. Proc.) Appellant recognizes the existence of this fundamental principle but contends that the allegations of the petition are sufficient to show that respondent was legally bound to comply with the order of the justice's court to release the property which he had seized under the writ of attachment and that this duty was imposed upon him by law as one which resulted from the office of constable.

█ It must, however, also be remembered that it is essential that it shall appear from the allegations of the petition that there is not a plain, speedy, and adequate remedy in the ordinary course of the law (*Montgomery* v. *Neilon*, 41 Cal. App. 184, 189 [182 Pac. 456]; sec. 1086; Code Civ. Proc.).

█ Furthermore, even when the technical rules of law authorize it, the issuance of the writ is, in large measure, discretionary with the court (*Fawkes* v. *City of Burbank*, 188 Cal. 399, 401 [205 Pac. 675]; *Wiedwald* v. *Dodson*, 95 Cal. 450, 453 [30 Pac. 580]). █ Unless, therefore, we are impelled to the conclusion that the trial court clearly abused its discretion in refusing to issue the writ, we may

not hold its action in this regard to be erroneous. Consideration of the allegations of the petition has failed to produce the conviction that the trial court acted capriciously or arbitrarily in refusing to issue the writ. We are constrained to this view because it is our opinion that the allegations of the petition fail to disclose an absence of ordinary legal remedy which is plain, speedy and adequate to secure to appellant proper preservation of his interest in the property which is alleged in the petition. Certainly, if we assume that the allegations of the petition are true, as we must do, the common action of claim and delivery would assure to appellant a clear, speedy and adequate remedy. We are not unmindful of the declared qualification that the legal remedy must not only be adequate but that it must also be equally convenient, beneficial and effective in order that it shall supersede the remedy by *mandamus* (*County of Tulare* v. *Woody,* 132 Cal. App. 459, 461 [22 Pac. (2d) 743]). We think, however, that the remedy afforded to appellant by an action of claim and delivery would obviously be equally convenient since such an action could be brought and tried in the same county wherein this proceeding was instituted. It seems clear also that the action at law would be equally beneficial and effective since all that appellant is entitled to receive under this proceeding is the release to him of the property which he claims to have purchased for the sum of $50, and such damages as he may have sustained by reason of the detention of the property. If we are to assume that the allegations of the petition are true he should be able to achieve exactly this same result by pursuing the aforesaid ordinary legal remedy.

█ Finally the petition shows that respondent refused to comply with the order of the justice's court and to release the property to appellant for the reason that his fees had not been paid. The petition also shows that, after trial of the action in the justice's court, judgment was rendered against Jesus Mardueno for a specified amount and for costs which were thereafter taxed in the amount of $100, which included $20 for keeper's fees, $60 for storage and $10 for drayage. Section 3057 of the Civil Code provides that an officer who levies an attachment or execution upon personal property acquires a special lien, dependent on possession,

upon such property, which authorizes him to hold it until the process is discharged or satisfied, or a judicial sale of the property is had. Since it is clear from the allegations of the petition that respondent was holding the property under the authority of the writs of attachment and execution it would appear, in accordance with the provisions of the aforesaid section of the code, that he thereby acquired a special lien upon the property and that this lien was dependent on his continued possession of the property. This of itself would justify him in refusing to surrender possession of the property until his fees were paid. Certainly since the petition shows on its face that the justice's court had allowed keeper's fees amounting to $20 and storage charges of $60 and had included such expenses as proper items of costs, respondent was justified in refusing to release the property until these charges were paid (*Robinett* v. *Connolly*, 76 Cal. 56 [18 Pac. 130]; *Perrin* v. *McMann*, 97 Cal. 52 [31 Pac. 837]; *Newell* v. *McDonald*, 60 Cal. App. 202 [212 Pac. 389]).

We have herein indicated our opinion that the order from which appellant has attempted to prosecute this appeal is not an appealable order and that for this reason the appeal is ineffective and should be dismissed. Assuming, however, that the order is one from which an appeal might properly be taken, we are of the opinion that the trial court did not abuse the discretion with which it was invested in sustaining respondent's demurrer to the petition and in denying the petition.

The disposal of this appeal on the judgment-roll renders it unnecessary to give consideration to respondent's motion for permission to produce additional evidence.

For the reasons stated herein the order from which this appeal has been taken is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 17, 1934, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 17, 1934.