[Crim. No. 4944. In Bank. Jan. 11, 1949.]

THE PEOPLE, Respondent, v. ADMIRAL DEWEY ADAMSON, Appellant.

Morris Lavine for Appellant.

Fred N. Howser, Attorney General, Walter L. Bowers, Assistant Attorney General, William E. Simpson, District Attorney, Jere Sullivan and Robert Wheeler, Deputy District Attorneys, for Respondent.

SCHAUER, J.—Defendant, an inmate of San Quentin State Prison, is under sentence of death. He has brought before us a purported appeal from an order sustaining without leave to amend a demurrer to his "Petition . . . for a Writ of Error Coram Nobis." The People move to dismiss the appeal as being "irregular, frivolous, sham and . . . [seeking] only groundless delay in the execution of a valid final judgment," and also move to vacate an order of the trial court staying execution of sentence. It appearing on the face of the record that the purported appeal is from a non-appealable order, we have concluded that for that reason the appeal should be dismissed and that the motion to vacate the order staying execution should be denied without prejudice.

Seeking vacation of the judgment of conviction, defendant chose to proceed, not by serving and filing a notice of motion, but by filing a "Petition . . . for a Writ of Error Coram Nobis" and procuring an order to show cause "why the said petition . . . should not be granted." (The order to show cause may properly be regarded as "a notice of motion and a citation to the party to appear at a stated time and place to show cause why a motion should not be granted." *Difani* v. *Riverside County Oil Co.* (1927), 201 Cal. 210, 213 [256 P. 210]; *McAuliffe* v. *Coughlin* (1894), 105 Cal. 268, 270 [38 P. 730].) The People filed a "demurrer, General and Special, to Petition for a Writ of Error Coram Nobis" and a paper entitled "Motion for a Denial of the Relief Prayed for." Each party filed supporting affidavits. Regardless of the titles of the papers filed, it is apparent that the matter which was before the trial court was a motion to vacate the judgment, not specifically provided for by statute, but seeking relief in the nature of that available by issuance of the common law

writ of error *coram nobis.* (See *People* v. *Gilbert* (1944), 25 Cal.2d 422, 439 [154 P.2d 657] ; *People* v. *Sandoval* (1927), 200 Cal. 730, 733 [254 P. 893] ; *People* v. *Vernon* (1935), 9 Cal.App.2d 138, 141 [49 P.2d 326] ; *People* v. *Kelly* (1939), 35 Cal.App.2d 571, 573 [96 P.2d 372].)

The proceeding came on for hearing on July 12, 1948. According to the reporter's transcript, after the trial judge had considered the papers filed by each party and before he had heard the testimony of a witness for defendant, he said, "The demurrer is sustained, without leave to amend." By the clerk's transcript it appears that the only order (other than an order staying execution) made in the matter is a minute order of July 12, 1948, that the "Demurrer to petition . . . is sustained without leave to amend." In the notice of appeal defendant states that he "appeals . . . from the decision of the Superior Court . . . rendered July 12, 1948, sustaining the demurrer to his Petition."

█ Although the proposition has not been suggested by the parties, it seems obvious that there is no appealable order in this case. A defendant may appeal "From any order made after judgment, affecting the substantial rights of the party." (Pen. Code, § 1237, subd. 3.) If the proceeding is viewed, formally, as a motion to vacate the judgment, there is no order whatsoever which purports to dispose of the motion; it has been neither granted nor denied. If the proceeding be regarded, formally, as one arising upon a petition for a writ, the order sustaining a demurrer does not finally dispose of the matter; the proceeding is still pending until a judgment of dismissal is entered. █ Speaking generally, "It is well established that no appeal will lie from an order sustaining a demurrer to . . . a pleading." (2 Cal.Jur. 156.) This rule applies to an order sustaining a demurrer to a petition for a writ, and an attempted appeal from such an order will be dismissed. (*Rittersbacher* v. *Board of Supervisors* (1934), 220 Cal. 535, 539 [32 P.2d 135] [mandate] ; *Hanke* v. *McLaughlin* (1912), 20 Cal.App. 204 [128 P. 772] [mandate] ; *Tyler* v. *City Council of Huntington Park* (1929), 97 Cal. App. 724 [276 P. 355] [review] ; *Ross* v. *O'Brien* (1934), 1 Cal.App.2d 496, 498 [36 P.2d 1108] [mandate].)

█ As above indicated, the People also move "To set aside and vacate, and to direct the trial court to set aside and vacate, the order of said trial court heretofore made . . . on or about June 2, 1948." Such order was made on the day the petition for *coram nobis* was filed, two days before the

date fixed for execution of sentence. It is "that execution of the judgment of death pronounced in this cause be stayed to and including a final determination of the hearing on said Coram Nobis proceeding herein." Inasmuch as the purported appeal is from a nonappealable order, jurisdiction of the cause remains in the superior court. (See *Estate of Kennedy* (1900), 129 Cal. 384, 385 [62 P. 64]; *Central Sav. Bank of Oakland* v. *Lake* (1927), 201 Cal. 438, 442 [257 P. 521]; *Whitacre* v. *Hall* (1940), 40 Cal.App.2d 68, 73 [104 P.2d 401, 660].) The motion to vacate the trial court's order should, therefore, on this state of the record, not be considered by us on its merits.

For the reasons above stated, defendant's purported appeal from the nonappealable order is dismissed and the motion of the plaintiff to vacate the stay of execution is denied without prejudice to renewing it in the trial court.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Spence, J., concurred.