[L. A. No. 21940. In Bank. Sept. 26, 1951.]

ORVAL N. EVANS et al., Respondents, v. CLIFFORD R. DABNEY et al., Appellants.

C. Paul Du Bois and John E. Sisson for Appellants.

Dolley, Knight, Woods & Hightower and Roy P. Dolley for Respondents.

SCHAUER, J.—Plaintiffs, trustees under an *inter vivos* trust created March 24, 1930, brought this action for declaratory relief against Clifford R. Dabney and his wife, trustors and beneficiaries under the trust. Defendants answered, cross-complained, and moved to add other parties as cross-defendants. Plaintiffs demurred to the answer and cross-complaint. The trial court by minute order denied the motion to add parties, sustained the demurrer to the cross-complaint without leave to amend, and sustained the demurrer to the answer without leave to amend as to the defense of the statute of limitations. No judgment on the issues raised by the complaint and answer appears to have been entered. Defendants have noticed appeals from (1) the minute order insofar as it denies leave to bring in new parties as cross-defendants and sustains the demurrer to parts of defendants' answer, and (2) an ensuing judgment decreeing solely "that cross-complainants take nothing by this action against cross-defendants and that said cross-defendants recover their costs." We have concluded that the orders and judgment are not appealable and, therefore, the purported appeals must be dismissed.

It is settled that an order sustaining a demurrer is not appealable. (See *People* v. *Adamson* (1949), 33 Cal.2d 286, 288 [201 P.2d 537], and cases cited in 2 Cal.Jur., Appeal and Error, § 26, p. 156; 1 Cal.Jur. 10-Yr.Supp., pp. 289 et seq.; and Secondary Pocket Part.) And it has been held that an order denying a motion to bring in new cross-defendants was not appealable where the persons sought to be brought in were not parties, were not served, and did not appear, because the order adjudicated nothing as between defendants-cross-complainants and the persons sought to be brought in. (*Kennedy* v. *Owen* (1948), 85 Cal.App.2d 517, 520 [193 P.2d 141].) Defendants do not claim that the minute order denying their motion to bring in new cross-defendants is a final, or any, adjudication in favor of these persons who are not parties. Defendants argue that the order denying their motion, and the judgment that they take nothing by their cross-complaint, should be appealable because the controversy as to which plaintiffs seek declaratory relief and the matters which defendants wish tried in their cross-action all concern administration of the same trust and should be tried together. This amounts to nothing more than an argument that when an interlocutory ruling of the trial court is wrong it should be appealable.

██ The question whether there can be an independent, final, appealable judgment or order on a cross-complaint (which, as noted above, is the only judgment entered here) was considered in *Sjoberg* v. *Hastorf* (1948), 33 Cal.2d 116, 118 [199 P.2d 668]. This court concluded, "Under California procedure there is ordinarily only one final judgment in an action. [Citations.], A cross-complaint is not considered sufficiently independent to allow a separate final judgment to be entered upon it [citations], unless the judgment or order on the cross-complaint may be considered final as to some of the parties. [Citations.]" ██ The judgment here is not a final disposition of the matters which defendants seek to raise by their cross-complaint. However clearly erroneous some of the rulings complained of may appear to be, the questions which defendants have attempted to present on this appeal can properly be determined only on the appeal from the final judgment. "Thus no greater hardship will result than in any case where a party is forced to stand trial because of an erroneous ruling of the trial court." (P. 119 of 33 Cal.2d.)

For the reasons above stated, the purported appeals are dismissed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Spence, J., concurred.