Filed 4/24/15  Shaw v. Nations Title Co. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ASLAM SHAW,<br><br>        Plaintiff and Appellant,<br><br>        v.<br><br>NATIONS TITLE COMPANY OF<br>CALIFORNIA et al.,<br><br>        Defendants and Respondents. | B251553 consolidated with B252789<br><br>(Los Angeles County<br>Super. Ct. No. VC062975) |

APPEALS from orders of the Superior Court of the County of Los Angeles, Margaret Bernal, Judge.  Dismissed, in part, and affirmed.

Aslam Shaw, in pro. per., for Plaintiff and Appellant.

Callahan, Thompson, Sherman & Caudill, Peter M. Callahan, Danielle H. Mesa, for Defendants and Respondents Abelrado Fernandez, Esq. and Diefer Law Group, P.C.

Turner Aubert & Friedman, Matthew C. Wolf for Defendants and Respondents Imran Khaliq and Shahnila Khaliq.

Millar, Hodges & Bemis, Richard W. Millar, Jr., for Defendants and Respondents Old Republic National Title Insurance Company.

Cunningham & Treadwell, Francis J. Cunningham III, David S. Bartelstone, for Defendants and Respondents Nations Title Company of California, Dipak Lakhani, WFG

National Title Insurance Company, Williston Financial Group, Golden Gate Capital, Briget Fodor, Gene Kraft, Melody Bognot, and Corlis Chevalier.

The Law Office of Richard M. Moss III, Richard M. Moss, III, for Defendants and Respondents Richard M. Moss III and The Law Office of Richard M. Moss III.

## INTRODUCTION

Plaintiff and appellant Aslam Shaw (plaintiff) appeals from the trial court's orders sustaining the demurrers of certain of the defendants to the first amended complaint with leave to amend; granting the Code of Civil Procedure section 425.16 (section 425.16) special motion to strike filed by two other defendants; denying his motion to extend the time within which to file an amended complaint (motion to extend time); and granting the ex parte requests of certain of the demurring defendants to dismiss the first amended complaint for failure to timely amend.[1]

We dismiss plaintiff's appeals from the orders sustaining the demurrers with leave to amend and the order denying plaintiff's motion to extend time as taken from nonappealable orders. We also dismiss as untimely plaintiff's appeal from the order dismissing the first amended complaint against the Nations Title defendants.

We affirm the trial court's orders in favor of defendant Old Republic and the Diefer Law Group defendants dismissing the first amended complaint for failure to timely amend. And, we affirm the trial court's order granting the Khaliqs' special motion to strike the first amended complaint.

---

[1] The defendants and respondents affected by the orders from which plaintiff appeals are Nations Title Company of California, Dipak Lakhani, WPG National Title Insurance Company, Williston Financial Group, Golden Gate Capital, Briget Fodor, Gene Kraft, Melody Bognot, and Corlis Chevalier (collectively referred to as the Nations Title defendants); Abelrado Fernandez, Esq. and the Diefer Law Group (collectively referred to as the Diefer Law Group defendants); Richard Moss III and the Law Office of Richard Moss III (collectively referred to as the Moss defendants); Old Republic National Title Insurance Company (Old Republic); and Imran Khaliq and Shanila Khaliq (Khaliqs).

## PROCEDURAL BACKGROUND

### A.  Operative Pleading

In March 2013, plaintiff, acting in pro. per., filed a 90-page complaint against more than 20 named defendants asserting multiple causes of action.  Less than a month later, plaintiff filed a first amended complaint that was almost 200 pages long and added other defendants.

### B.  Demurrers

Certain of the defendants filed demurrers to the first amended complaint.  On July 9, 2013, the trial court entered an order sustaining, inter alia, the demurrers of defendant Old Republic; the Diefer Law Group defendants; and the Nations Title defendants.  The trial court granted plaintiff 30 days leave to amend his complaint against those defendants.  On July 18, 2013, the trial court entered an order sustaining the demurrers of the Moss defendants.[2]  The trial court's July 18, 2013, order stated, "Several defendants demurred and on July 9, 2013, this Court sustained the demurrers and granted plaintiff 30 days leave to amend.  Notice was given on July 12, 2013.  The Second Amended Complaint as to all demurring defendants (to date) must be served and filed no later than **August 12, 2013**."

---

[2]  On July 30, 2013, the trial court entered an order sustaining with 30 days leave to amend the separate demurrers filed by defendants Nayyar Afshar and Siddiq Khawaja.  As discussed below, however, plaintiff's notices of appeal do not refer to that order.  Thus, although Afshar and Khawaja have joined in the respondents brief filed by the Moss defendants, they do not appear to be parties to this appeal.

## C.    Special Motion to Strike

In addition to filing a demurrer, the Khaliqs filed a special motion to strike the first amended complaint pursuant to section 425.16.  On July 18, 2013, the trial court entered an order granting the special motion to strike. [3]

## D.    Motion to Extend Time to File Second Amended Complaint

On August 12, 2013—the last day on which to file a second amended complaint—plaintiff filed instead his motion to extend time that he set for hearing on September 10, 2013.  On September 10, 2013, the trial court entered an order denying plaintiff's motion to extend time, stating, "On August 12, the day the [second amended complaint] was due, plaintiff filed the subject motion 'to extend time to file Second Amended Complaint.'  As of the time of the subject hearing—September 10, 2013—the [second amended complaint] is already 29 days overdue.  Plaintiff's request is wholly improper.  Time cannot be extended if it has already expired.  Additionally, it does not appear the Court has authority to extend the time to amend beyond 30 days.  See C.C.P. § 1054.  Plaintiff should have submitted an ex parte application, as soon as was practicable, to seek the requested relief.  [¶]  It appears from the moving papers that plaintiff's failure to timely file his [second amended complaint] was due to some health problems and doctor's treatment (for which he has provided proof).  Specifically, he claims he 'fell ill' late in the day on Friday, August 9, 2013 and 'unable to do anything but lay in bed.'  Notwithstanding, as noted by defendants, plaintiff was able to draft this motion while he was under 'excruciating pain,' and have it served and filed by Monday.  [¶]  Plaintiff also notes in his motion that he has not previously requested an extension of time to file the [second amended complaint].  While that is true, on June 27, 2013, the Court granted plaintiff's written request to extend the time within he had to serve the summons.  Moreover, as early as July 9, 2013, plaintiff knew he was obligated to amend the

---

[3]    The Khaliqs' demurrer to the first amended complaint was deemed moot by the trial court following the entry of its order granting their special motion to strike the first amended complaint.

pleading. These types of delays are particularly significant in light of the number of defendants attempting to defend the action in a timely manner and the specious nature of the claims, and they cause the unnecessary expenditure of attorney's fees by 26 other litigants. Plaintiff's statement that defendants 'will not be prejudiced in any way' is erroneous. [¶] In his declaration, plaintiff further states that he expected to recover in 2 weeks 'and thereafter will be able to file my [second amended complaint].' Shaw decl., ¶12. His declaration is dated August 12, 2013. The time within which he projected he would file his untimely pleading has passed. [¶] . . . [¶] Plaintiff's motion to further extend the time within which he may file a Second Amended Complaint is DENIED. He is precluded from filing a [second amended complaint] absent a court order. See *Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 608. [¶] The *Leader* court noted that after the expiration of the time period to amend has lapsed, a plaintiff may only amend by obtaining leave of court. *Id.* at 613 (citation omitted). Plaintiff must make the appropriate motion under [Code of Civil Procedure] section 473(a), at which time the Court will evaluate the merits of the proposed pleading, as well as the other factors relevant under the statute, to determine whether a [second amended complaint] should be permitted. See, e.g., *Harlan v. Dept. of Transportation* (2005) 132 Cal.App.4th 868 (vesting the trial court with discretion to require a motion where a permitted amendment is not timely filed); *Yee v. Mobilehome Park Rental Review Bd.* (1998) 62 Cal.App.4th 1409, 1429 (finding no error where motion to amend was denied because the proposed pleading fails to state a cause of action due to res judicata principles). [¶] Until such motion is brought, the action is subject to dismissal under Code of Civil Procedure section 581[, subdivision] (f)(2)."

### E.    First Notice of Appeal (Case No. 251553)

On September 11, 2013, plaintiff filed a notice of appeal from the trial court's July 9 and 18, 2013, rulings[4] on the demurrers and the July 18, 2013, ruling on the special motion to strike, as well as its September 10, 2013, ruling on plaintiff's motion to extend the time.  That appeal was assigned case no. 251553.

### F.    Dismissal Orders[5]

On September 11, 2013, the Nations Title defendants filed an ex parte application for an order dismissing the first amended complaint against them for failure to amend that complaint within the time granted by the trial court after it sustained those defendants' demurrers, which application the trial court granted that same day.[6]

On September 13, 2013, the Diefer Law Group defendants filed an ex parte application for an order dismissing the first amended complaint against them for failure to file an amended complaint within the time granted by the trial court after it sustained those defendants' demurrers, which application the trial court granted that same day.

On September 16, 2013, defendant Old Republic filed an ex parte application for an order dismissing the first amended complaint against it for failure to file a second amended complaint within the time granted by the trial court after it sustained that defendant's demurrer, which application the trial court granted that day.

---

[4]    Plaintiff's notice of appeal did not specifically reference the July 30, 2013, ruling on the demurrers of defendants Nayyar Afshar and Siddiq Khawaja.

[5]    It does not appear from the record that the Moss defendants filed an ex parte application for an order dismissing the first amended complaint against them or that the trial court entered a final order as to those defendants from which plaintiff could have appealed.  Therefore, we cannot treat plaintiff's appeal from the July 18, 2013, order sustaining the Moss defendants' demurrer with leave to amend as taken from a subsequently entered dismissed order.  (See, e.g., *Vibert v. Berger* (1966) 64 Cal.2d 65, 67-68.)

[6]    As explained below, the Nations Title defendants served a notice of entry of the dismissal order in their favor on September 11, 2013.

6

**G.    Second Notice of Appeal (Case No. 252789)**

On November 14, 2013, plaintiff filed a notice of appeal from the orders dismissing the first amended complaint dated September 11, 13, and 16, 2013.[7] That appeal was assigned case no. B252789.

**DISCUSSION**

**A.    Appealability**

*1.    Case No. B251553*

Plaintiff's September 11, 2013, notice of appeal in case no. 251553 purports to appeal from:  (i) the trial court's July 9 and 18, 2013, orders sustaining the demurrers of certain defendants with leave to amend; (ii) the trial court's July 18, 2013, order granting the special motion to strike filed by the Khaliqs; and (iii) the trial court's September 10, 2013, order denying plaintiff's motion to extend.[8]

The orders sustaining the demurrers of certain defendants with leave to amend are nonappealable orders.  "[I]t 'is settled that an order sustaining a demurrer is not appealable.  [Citations.]'  (*Evans v. Dabney* (1951) 37 Cal.2d 758, 759 [235 P.2d 604].)  'An appeal does not lie from an order sustaining a demurrer without leave to amend

---

[7]    The notice of appeal also references an October 29, 2013, order granting defendant Nations Financial Group Holdings, Inc.'s motion to vacate the entry of a default, but plaintiff makes no arguments on appeal concerning that order.

[8]    Although plaintiff represented himself in the trial court and does so now on appeal, we note that "[p]ro. per. litigants are held to the same standards as attorneys.  (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985 [35 Cal.Rptr.2d 669, 884 P.2d 126] ['A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation.']; accord, *Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1281 [111 Cal.Rptr.2d 439] (dis. opn. of Bedsworth, J.) [pro pers should not be treated the same, 'only different'].)"  (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.)

7

[citations], from an order sustaining a demurrer with leave to amend [citation], or from an order granting a motion for judgment on the pleadings [citation].' (*Singhania v. Uttarwar* (2006) 136 Cal.App.4th 416, 425 [38 Cal.Rptr.3d 861].) Instead, an '"order sustaining a demurrer . . . is generally reviewable on appeal from the final judgment in the action." [Citations.]' (*Ibid.*)" (*Lopez v. Brown* (2013) 217 Cal.App.4th 1114, 1133; see also *Lavine v. Jessup* (1957) 48 Cal.2d 611, 614 ["An order sustaining a demurrer without leave to amend is nonappealable, and the appeal must be taken from the ensuing judgment"].) The direct appeal from the trial court's July 9 and 18 orders must therefore be dismissed.

Similarly, the order denying plaintiff's motion to extend time is an interim or interlocutory order that is nonappealable. "'Code of Civil Procedure section 904.1 is "[t]he principal statute [that] defines the scope of appellate jurisdiction in the Court of Appeal . . . ." [Citation.] Generally speaking, only final judgments are appealable under the statute. [Citation.]' (*Mercury Interactive Corp. v. Klein* (2007) 158 Cal.App.4th 60, 75 [70 Cal.Rptr.3d 88].) 'In keeping with this rule, section 904.1 generally authorizes appeals from superior court judgments, except those which are interlocutory. ([Code Civ. Proc.,] § 904.1, subd. (a)(1).)" (*In re The Clergy Cases I* (2010) 188 Cal.App.4th 1224, 1233; see also *Fogel v. Farmers Group, Inc.* (2008) 160 Cal.App.4th 1403, 1423 [order granting leave to amend is not directly appealable; however, it is subject to review on appeal from the final judgment].) Therefore, plaintiff's direct appeal from that September 10, 2013, interim order must also be dismissed.

As explained below, however, because plaintiff subsequently appealed from the orders in favor of certain defendants dismissing the first amended complaint for failure to file an amended complaint within the time allowed, he can in that appeal challenge the propriety of the order denying his motion to extend time as an interim order that necessarily affects the dismissal orders. "'[W]hen an appeal is taken pursuant to section 904.1, the reviewing court may review "any intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the judgment or order appealed from or which substantially affects the rights of a party." ([Code Civ. Proc.,] § 906.)'

8

(*Doran v. Magan* (1999) 76 Cal.App.4th 1287, 1293 [91 Cal.Rptr.2d 60].)" (*In re The Clergy Cases I, supra*, 188 Cal.App.4th at pp. 1233-1234.) Accordingly, we address below the merits of plaintiff's challenge to the trial court's order denying his motion to extend time in connection with his appeal from the dismissal orders, to the extent his appeal from those orders was timely filed.

As to the Nations Title defendants, however, we conclude that plaintiff's appeal from the September 11, 2013, dismissal order in their favor was untimely. The notice of entry of the September 11, 2013, dismissal order in favor of the Nations Title defendants was served the next day—September 12, 2013. Under California Rules of Court, rule 8.104(a), a notice of appeal must be filed within 60 days after service of a notice of entry of the judgment or order appealed from. But plaintiff did not file his notice of appeal until November 14, 2013, i.e., 63 days from the service of the September 12, 2013, notice of entry of the dismissal order. We therefore dismiss as untimely the appeal from the September 11, 2013, dismissal order in favor of the Nations Title defendants.

The order granting the Khaliqs' special motion to strike is an appealable order pursuant to section 425.16, subdivision (i). "An order granting a special motion to strike under section 425.16 is directly appealable. (§§ 425.16, subd. (i), 904.1, subd. (a)(13).)" (*Chodos v. Cole* (2012) 210 Cal.App.4th 692, 698.) Therefore, we will address the merits of the appeal from that order.

### 2.    *Case No. 252789*

Plaintiff's notice of appeal in case no. 252789 appeals from the trial court's order dismissing his first amended complaint as to certain defendants based on his failure to file an amended complaint within the time allowed by the trial court. Although those orders are final, appealable orders, plaintiff's appeal does address the merits of the underlying orders sustaining the demurrers of the respective defendants. Instead, plaintiff's appeal is limited to the propriety of the trial court's order denying his motion to extend time, which order, as discussed above, is reviewable based on the appeal from the final judgments of dismissal.

9

**B.** **Dismissal Orders Following Failure to Timely Amend**

Plaintiff contends that the trial court abused its discretion when it denied his motion to extend time and instead entered dismissal orders in favor of certain defendants. According to plaintiff, the evidence concerning his health issues that he submitted in support of his motion to extend time provided good cause to extend the time within which he could file a second amended complaint.

A plaintiff's failure to file an amended complaint within the time specified by the trial court after a demurrer is sustained with leave to amend subjects the action to dismissal "in the court's discretion under [Code of Civil Procedure] section 581, subdivision (f)(2)." (*Leader v. Health Industries of America, Inc., supra,* 89 Cal.App.4th at p. 613) "The decision to dismiss an action under [Code of Civil Procedure] section 581, subdivision (f)(2) rests in the sound discretion of the trial court and a reviewing court will not disturb the ruling unless the trial court has abused its discretion. [Citation.] It is appellant's burden to establish an abuse of discretion. [Citation.]" (*Gitmed v. General Motors Corp.* (1994) 26 Cal.App.4th 824, 827.) "Discretion is abused only when in its exercise, the trial court 'exceeds the bounds of reason, all of the circumstances before it being considered.' [Citation.] There must be a showing of a clear case of abuse and miscarriage of justice in order to warrant a reversal. [Citation]. A trial court will abuse its discretion by action that is arbitrary or '"that transgresses the confines of the applicable principles of law."' [Citations.]" (*Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 281.)

As noted above, the trial court denied plaintiff's motion to extend time and instead entered the dismissal orders because, at the time the court ruled on the motion to extend time, the time within which plaintiff could have amended his complaint had expired.[9] Thus, the trial court concluded that plaintiff was required to file a motion for relief from

---

[9]     Our analysis of plaintiff's claim that the trial court abused its discretion when it denied his motion to extend time is limited to the trial court's written order on that motion because plaintiff did not include in the record a reporter's transcript of the hearing on that motion.

default pursuant to Code of Civil Procedure section 473, subdivision (a) so that the court could "evaluate the merits of the proposed pleading, as well as the other factors relevant under the statute, to determine whether a [second amended complaint] should be considered."

We conclude that the trial court did not act arbitrarily when it determined that because the time to amend plaintiff's pleading had lapsed well prior to the hearing on his request to extend that time, plaintiff was required to file an appropriate motion to be relieved from that default under the authority of Code of Civil Procedure section 473, subdivision (a) prior to extending the time within which plaintiff could amend. (See e.g., *Leader v. Health Industries of America, Inc., supra,* 89 Cal.App.4th at p. 613.) Because plaintiff did not make such a motion, the trial court did not abuse its discretion by denying the motion to extend time and granting the ex parte applications of certain of the demurring defendants to dismiss the first amended complaint under Code of Civil Procedure section 581, subdivision (f)(2). Those dismissal orders are therefore affirmed.

### C. Order Granting Special Motion to Strike

#### 1. Section 425.16 and Standard of Review

"Section 425.16 provides that a cause of action arising from a defendant's conduct in furtherance of constitutionally protected rights of free speech or petitioning may be stricken unless the plaintiff has a probability of prevailing on the merits. (§ 425.16, subd. (b)(1).) In ruling on a special motion to strike under section 425.16, the trial court employs a two-prong analysis. Initially, the trial court determines '"whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. . . . If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim." [Citation.]' (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 733 3 Cal.Rptr. 636, 74 P.3d 737].) [¶] To satisfy the second prong—the probability of prevailing—the plaintiff must demonstrate that the complaint is legally sufficient and

11

supported by a prima facie showing of facts to support a favorable judgment if the evidence submitted by the plaintiff is accepted. The trial court considers the pleadings and evidentiary submissions of both the plaintiff and the defendant. Although '"the court does not *weigh* the credibility or comparative probative strength of competing evidence, it should grant the motion if, as a matter of law, the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim. [Citation.]" (*Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 821 [123 Cal.Rptr.2d 19, 50 P.3d 733], superseded by statute on other grounds as noted in *Hutton v. Hafif* (2007) 150 Cal.App.4th 527, 547 [59 Cal.Rptr.3d 109].)' (*Cole v. Patricia A. Meyer & Associates, APC* (2012) 206 Cal.App.4th 1095, 1104-1105 [142 Cal.Rptr.3d 646] (*Cole*).) The standard for determining the merits of a defendant's special motion to strike a complaint is similar to that for determining the merits of a defendant's motion for summary judgment. 'Both seek to determine whether a prima facie case has been presented by the plaintiff in opposing the motions.' (*Bergman v. Drum* (2005) 129 Cal.App.4th 11, 18 [28 Cal.Rptr.3d 112]; see Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2014) ¶ 7:1008, p. 7(II)-57 ['The "probability of prevailing" is tested by the same standard governing a motion for summary judgment, nonsuit, or directed verdict'].) If a plaintiff sets forth a prima facie case in opposition to such motions, the motions must be denied." (*Kenne v. Stennis* (2014) 230 Cal.App.4th 953, 962-963.)

'"We review an order granting an anti-SLAPP motion de novo, applying the same two-step procedure as the trial court. (*Alpha & Omega Development, LP v. Whillock Contracting, Inc.* (2011) 200 Cal.App.4th 656, 663 [132 Cal.Rptr.3d 781].) We look at the pleadings and declarations, accepting as true the evidence that favors the plaintiff and evaluating the defendant's evidence "'only to determine if it has defeated that submitted by the plaintiff as a matter of law.' [Citation.]" (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 269, fn. 3 [46 Cal.Rptr.3d 638, 139 P.3d 30] (*Soukup*).) The plaintiff's cause of action needs to have only "'minimal merit' [citation]" to survive an

anti-SLAPP motion. (*Id.* at p. 291.)' (*Cole, supra*, 206 Cal.App.4th at p. 1105.)" (*Kenne v. Stennis, supra,* 230 Cal.App.4th at pp. 962-963.)

## 2. *Protected Activity*

In ruling on the Khaliqs' special motion to strike under section 425.16, the trial court concluded that, "As this Court noted in its prior ruling on co-defendants' demurrers, the pleading is largely unintelligible. The underlying facts are not clearly alleged. In its review of the [first amended complaint], it appears that each of the claims against the Khaliqs arise from a stipulated judgment entered into by the parties in an underlying Orange County action (case number 07CC03543) in favor of the Khaliqs and against plaintiff Shaw. See Request for Judicial Notice, Exh. B, D. Plaintiff's allegations relate to the entry of judgment, and defendants' subsequent collection activities and are protected under the anti-SLAPP statute. See *Rusheen v. Cohen* (2006) 37 Cal.4th 1048. Plaintiff's [first amended complaint] arises from conduct related to defendants' right to petition and thus defendants have met their initial burden on the motion. See also *Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106."

In describing the first prong of the section 425.16 analysis, "[w]e have said, 'Section 425.16 defines an "act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue," . . . as including statements or writings made before a judicial proceeding or made in connection with an issue under consideration or review by a judicial body. (§ 425.16, subd. (b)(1); see *id*., subd. (e).) Thus, statements, writings and pleadings in connection with civil litigation are covered by the anti-SLAPP statute, and that statute does not require any showing that the litigated matter concerns a matter of public interest. (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1115 [81 Cal.Rptr.2d 471, 969 P.2d 564] (*Briggs*); *Healy v. Tuscany Hills Landscape & Recreation Corp.* (2006) 137 Cal.App.4th 1, 5 [39 Cal.Rptr.3d 547] (*Healy*).)' (*Rohde v. Wolf, supra*, 154 Cal.App.4th at p. 35.) We have also observed that although section 425.16 and Civil Code section 47, subdivision (b) are not coextensive and are

13

substantively different, 'the two statutes serve similar policy interests, and courts "look[] to the litigation privilege [Civ. Code, § 47] as an aid in construing the scope of section 425.16, subdivision [(e)(2)] with respect to the first step of the two-step anti-SLAPP inquiry . . . ." (*Flatley* [*v. Mauro*]*, supra*, 39 Cal.4th at p. 323; see *Briggs, supra*, 19 Cal.4th at p. 1115; *Taheri Law Group v. Evans* (2008) 160 Cal.App.4th 482, 489 [72 Cal.Rptr.3d 847]; *Rohde* [*v. Wolf*]*, supra*, 154 Cal.App.4th at pp. 35-36; see also *Healy*[*, supra*,] 137 Cal.App.4th [at p.] 5 . . . ["Both section 425.16 and Civil Code section 47 are construed broadly, to protect the right of litigants to '"the utmost freedom of access to the courts without [the] fear of being harassed subsequently by derivative tort actions."'' [Citations.]"].)' (*Neville v. Chudacoff*, *supra,* 160 Cal.App.4th at pp. 1262-1263.)" (*Kenne v. Stennis, supra*, 230 Cal.App.4th at pp. 965-966.)

As against the Khaliqs—a woman who claimed plaintiff defrauded her in an investment scheme and her attorney son who represented her—the gravamen of the first amended complaint appears to be based on their conduct in filing a civil action against plaintiff, obtaining in that action the entry of a stipulated judgment against him, and attempting to enforce that judgment against him. As such, plaintiff's claims against the Khaliqs arose from protected activity—their right to petition the courts of this state for relief. The trial court therefore correctly concluded that the Khaliqs had satisfied the first prong of section 425.16 and thereby had shifted to plaintiff the burden to demonstrate that he had a probability of success on the merits of his claims against the Khaliqs.

### 3. *Probability of Prevailing on Merits*

On the second prong of the section 425.16 analysis—probability of prevailing— the trial court concluded, inter alia, that plaintiff had not satisfied his evidentiary burden of demonstrating that there was a probability that he would prevail on the merits of the claims asserted against the Khaliqs in his first amended complaint. According to the trial court, "Plaintiff must demonstrate a reasonable probability of prevailing on his claims. C.C.P. § 426.16(b). He failed to do so. [M]uch of the evidence submitted is

inadmissible.  See Defendants' Evidentiary Objections (and the rulings as set forth in the proposed order)."

In ruling on the Khaliqs' special motion to strike, the trial court sustained the Khaliqs' evidentiary objections to the majority of the evidence that plaintiff submitted in support of his opposition to the special motion to strike.  Because plaintiff does not challenge those evidentiary rulings on appeal,[10] we cannot consider the evidence found inadmissible by the trial court when analyzing the second prong of section 425.16.  Based on those exclusionary rulings, there was insufficient or virtually no evidence in the record to show that plaintiff had a probability of success on the merits of his claims against the Khaliqs in connection with the prosecution of a lawsuit and a stipulated judgment.  Therefore, we hold that the trial court correctly concluded that plaintiff had failed to satisfy his burden on the second prong of section 425.16

---

[10]    Because plaintiff did not provide a reporter's transcript of the hearing on the section 425.16 motion, there is no way to determine if plaintiff argued against one or more of the objections or the trial court's rulings on them.

**DISPOSITION**

We dismiss as taken from nonappealable orders plaintiff's appeals from the July 9 and 18, 2013, orders sustaining the demurrers with leave to amend and the September 10, 2013, order denying plaintiff's motion to extend time. We also dismiss as untimely plaintiff's appeal from the September 11, 2013, order dismissing the first amended complaint against the Nations Title defendants.

We affirm the trial court's September 13 and 16, 2013, orders dismissing the first amended complaint for failure to timely amend in favor of defendant Old Republic and the Diefer Law Group defendants. And, we affirm the trial court's July 18, 2013, order granting the Khaliqs' special motion to strike the first amended complaint. Defendants are awarded costs on appeal.


                                        MOSK, J.

We concur:


        TURNER, P. J.


        KRIEGLER, J.